MAY 9, 1950

No. 54327.—SUIT 4619.—United States *v.* The Singer Manufacturing Company.—

—C. D. 1152 affirmed February 2, 1950. C. A. D. 427.

BEFORE THE THIRD DIVISION, MAY 15, 1950

No. 54328.—The Glemby Company, Inc. *v.* United States, protest 121918–K (New York).

JOHNSON, Judge: This action involves the duty assessed by the collector upon 66 gross and 3½ dozen artificial silk hair nets out of case numbered 30. The plaintiff claims that said hair nets were not landed in the United States. Although all of the regulations attending short shipment had been complied with, the collector was not satisfied that the alleged short-landed goods were not actually landed in the United States.

At the trial, Vincent J. Cerio, truck driver for the Package Express, Inc., testified on behalf of the plaintiff that he received case numbered 30 at the Baker & Williams bonded warehouse; that the case was received by him in very good condition; and that he delivered it directly to the Glemby Company's warehouse.

Abraham L. Mellk, employed by the plaintiff, testified he is the factory manager in charge of shipping and receiving; that he checks the quantities of goods in cases upon their receipt against the original quantities on the invoice in order to certify the invoice for payment; that the case in question was opened in his presence an hour after arrival at the plaintiff's place of business and he found therein 16 boxes of artificial silk hair nets; that 12 of the boxes were in good shape and 4 were in a "banged up condition"; that the 12 boxes in good condition each contained 40 gross, but in the 4 damaged boxes there was a shortage of 66 gross in all; and that the missing hair nets were not with other goods covered by the entry and were never received by the plaintiff.

The witnesses of the plaintiff have failed to trace the case in which shortage is claimed from the time it was discharged from the vessel and a permit of delivery accepted by the customs authorities until it reached the place of business of the importer. It will be noted that the truck driver testifying herein carried the goods from a warehouse to the importer's place of business. The truck driver who picked the case up at the pier and took it to the warehouse did not testify. All of the testimony before the court was before the collector in the form of affidavits.

From a consideration of the record as a whole this court is of opinion that evidence has not been produced sufficient to establish that the missing hair nets were not landed in the United States, nor do we believe that the presumption of correctness of the action of the collector has been overcome.

Judgment will therefore be entered in favor of the Government.